BRYAN W. PEASE, State Bar No. 239139
LAW OFFICES OF BRYAN W. PEASE
1901 First Avenue, Suite 219
San Diego, CA  92101
Tel:   (619) 723-0369
Fax:  (619) 923-1001
Email:  bryanpease@gmail.com

Attorney for Plaintiff Farhoud Rastegar

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARHOUD RASTEGAR,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; San Diego Police Chief WILLIAM LANSDOWNE; and DOES 3-60, inclusive,<br><br>        Defendants | Case No. **'13CV0850 JAH  WVG**<br><br>**COMPLAINT FOR DAMAGES, VIOLATIONS OF CIVIL RIGHTS, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Plaintiff Dr. Farhoud Rastegar, a successful local dentist, small business owner and author, hereby files the following complaint against Defendants CITY OF SAN DIEGO, San Diego Police Chief WILLIAM LANSDOWNE, and DOES 3-60.

2. On or about April 10, 2011, Dr. Rastegar was holding a large sign he had made advocating for the protection of marine mammals at Casa Beach in La Jolla, California.

3. San Diego police officers, lacking any legal justification, and acting solely based on the content of the message displayed, took Dr. Rastegar's sign from his hands and

1

COMPLAINT FOR DAMAGES, VIOLATIONS OF CIVIL RIGHTS, AND INJUNCTIVE RELIEF

confiscated it, acting with the intent of suppressing his freedom of speech and preventing his message from being heard.

4. Defendants intended to and did interfere with and chill the rights of Dr. Rastegar and others to freedom of speech, peaceful assembly, and to petition the government for redress of grievances. Accordingly, Dr. Rastegar seeks an injunction against all Defendants to prevent them from violating the law and wrongfully confiscating signs held by individuals in Dr. Rastegar's position (to wit, individuals peacefully holding message bearing signs while acting in full compliance with state, federal, and municipal laws) in the future.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. §1983 and the Tom Bane Civil Rights Act, California Civil Code section 52.1. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and §1342 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. The Court has jurisdiction to issue declaratory and/or injunctive relief pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57.

6. Venue in this Court is proper in the Southern District as the injuries complained of occurred in the City of San Diego ("City") and were caused by the San Diego Police Department ("SDPD") and others with sufficient jurisdictional ties to San Diego.

## PARTIES

7. Plaintiff is a United States citizen and resident of San Diego, California.

8. Defendant City of San Diego ("City"), is a municipal entity liable in *respondeat superior* for the acts and omissions of its employees in the San Diego Police Department, and for the negligent hiring, training, supervision, discipline, and/or retention of its police officer

employees and other officials.  The San Diego Police Department ("SDPD") is the primary law enforcement agency of the City.

9. Defendant William Landsdowne (Badge No. #5969) is, and at all times relevant to this Complaint was, the Chief of the SDPD.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 3-60, inclusive, and, therefore, sues these Defendants under such fictitious names.  DOES 3-9 are police officers at the SDPD who participated in the confiscation of Dr. Rastegar's sign.  DOES 10-20 are officers and supervisors at the SDPD; DOES 21-30 are members of City Government; DOES 31-60 are SDPD officers who have policy making authority.

11. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the actions and damages alleged herein.  Plaintiff is furthermore informed and believes and thereon alleges that each of said fictitiously named Defendants was the agent, servant and employee of each and every other Defendant acting within the course and scope of his or her agency and employment and with the knowledge, ratification and consent of each respective principal.  Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained.

## SCOPE OF EMPLOYMENT –

## JOINT AND SEVERAL LIABILITY – NON- IMMUNITY

12. Plaintiff alleges that all defendants carried out the acts complained of in their individual capacities and in the course and scope of their employment and that all governmental defendants did so under color of authority.  All supervisory Defendants, including LANDSDOWNE and any other supervisory DOE Defendants, are sued both in their individual

and in their official capacities.  The City of San Diego is liable in *respondeat superior* for the torts of its employees committed during the course and scope of their employment under Govt Code §815.2.

13.     The Defendants are jointly and severally liable for any damages awarded.  Under California Government Code §825(a), the City is obligated to pay any compensatory damages and costs awarded against their employees.

14.     Regarding all actions and causes of action herein alleged and stated, all governmental defendants (including all DOE defendants) violated rights held by Plaintiff which were clearly established and which they had a mandatory duty to uphold.  No reasonable official similarly situated to any of the defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion.  All individual defendants, including all individual DOE defendants, thus lack immunity from suit or liability.  This extends both to statutorily created immunity and to "qualified immunity".

## **ALLEGATIONS OF FACT**

15.     On April 3, 2011, a week prior to the incident that is the subject of this Complaint, there was a large rally at Casa Beach in La Jolla calling for protection of the harbor seals giving birth and nursing their young during their pupping season there.  A smaller but vocal group of counter-protesters also showed up with signs urging that the seals be kicked out and the beach be reserved for use only by humans.  Both groups held their signs peacefully, and no arrests were made.  Several media outlets were present and reported on the event.

16.     Dr. Rastegar and his wife Mitra had a particularly effective sign, which was a large replica of an official sign used in Carpinteria stating that the beach is closed for pupping season.  Carpinteria is home to the only other harbor seal rookery in Southern California.

17. When the hundreds of tourists who are present at any given time at Casa Beach saw Dr. Rastegar's sign next to the city's guideline rope set up for pupping season, they immediately understood they were entering a seal rookery and that doing so would disturb the resting marine mammals. The small group of anti-seal individuals therefore complained vociferously to the police that this sign should be confiscated. However, due to the presence of the media, the police acted with restraint and did not act on the requests to confiscate the sign.

18. The following Saturday, April 10, 2011, Dr. Rastegar returned to Casa Beach and began holding the same sign again. This time, however, the media was not present, and the police decided to act on the complaint again made by anti-seal individuals to stop Dr. Rastegar from displaying his sign. Officers approached Dr. Rastegar, threatened to arrest him for holding the sign, and then confiscated the sign.

### FIRST CAUSE OF ACTION

**42 U.S.C. §1983 - Unconstitutional Retaliation and Chilling of Plaintiff's Rights of Free Speech and Assembly in Violation of 1st Amendment**

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 - 18, above, as though fully set forth herein.

20. Based on the conduct alleged above, Defendants are liable for creating a substantial chilling effect to state and federally constitutionally protected activities by burdening free speech with the risk of arrest, of being threatened with physical harm and of having one's property confiscated by the police. This includes, but is not limited to, an intent by Defendants to deny Plaintiff and other individuals perceived to be associated with the movement to protect the La Jolla seals their First and Fourteenth Amendment rights to freedom of speech, freedom of assembly, and the right to peaceably petition the government for redress of grievances.

21.     Defendants are liable to Dr. Rastegar for violating his freedoms of expression, assembly, and petition, thereby proximately and foreseeably causing him damage, injury, and loss.  That is, they falsely detained him and confiscated his property.  These actions were designed to, and did, interfere with Dr. Rastegar's statutorily and constitutionally protected rights, and were intended to dissuade others from exercising their constitutionally and statutorily protected rights.

22.     These unconstitutional actions by Defendants were intended to, and did, send a threatening message to those engaged in a peaceful, non-violent political protest and to the public that free speech activities are viewed as criminal by SDPD and those who participate in demonstrations, associate with them, or are just in the vicinity, assume risk of police violence and false arrest.

## SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 - Unlawful Seizure and Detention

23.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 - 22, above, as though fully set forth herein.

24.     Defendants illegally detained Dr. Rastegar and seized his property on April 10, 2011, when he was peacefully assembled, displaying a sign with a message about an issue of public importance. The seizure occurred without probable cause and/or a warrant and deprived Dr. Rastegar of his constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

25.     In committing these acts and omissions, Defendants acted in the course and scope of their employment and under color of law.  At no time did Plaintiff give valid consent to Defendants' unlawful actions, and the rights Defendants were violating were clearly

established.

26. In committing the acts herein, Defendants acted with malice, oppression and fraud. Therefore, Dr. Rastegar is entitled to punitive damages against Defendants in an amount sufficient to punish them and deter such conduct in the future, according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**42 U.S.C. §1983 - Violation of Equal Protection of the Law Under the 14th Amendment**

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained paragraphs 1 - 26, above, as though fully set forth herein.

28. Defendants singled out Plaintiff for suppressing his message while allowing others similarly situated to display signs communicating a different message.

29. In committing these acts and omissions, Defendants acted in the course and scope of their employment and under color of law. At no time did Plaintiff give valid consent to Defendants' unlawful actions, and the rights Defendants were violating were clearly established.

30. In committing the acts herein, Defendants acted with malice, oppression and fraud. Therefore, Dr. Rastegar is entitled to punitive damages against Defendants in an amount sufficient to punish them and deter such conduct in the future, according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

**Violation of California Civil Rights - *Bane Act*, Cal. Civil Code §§ 52.1 and 52**

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained paragraphs 1 - 30, above, as though fully set forth herein.

32.     Based on the conduct alleged above, and all the foregoing paragraphs, all defendants, and each of them, are liable to Plaintiff for violating his California civil rights enshrined in the *Bane Act*, in that they interfered by threats, intimidation and coercion with his rights to due process, and to be free from false arrest, imprisonment, assault and battery, interference with and retaliation for exercise of free speech, assembly, and petition, and abuse of process, as guaranteed by Article I, sections 1, 2, 7 and 13 of the California Constitution, California Civil Code §1708, and California common law, thereby proximately and foreseeably causing him the damages, injuries, and losses alleged herein.

33.     Civil Code §52.1, subdivision (a), provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of "any individual or individuals," the Attorney General, or any district or city attorney, may bring a civil action for equitable or injunctive relief.  Subdivision (b) allows "[a]ny individual" so interfered with to sue for damages.  Subdivision (g) states that an action brought under section 52.1 is "independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law," including Civil Code §51.7.

34.     Pursuant to California Civil Code §52(a) and (b), Plaintiff is entitled to up to three times his actual damages, and to exemplary damages; to a civil penalty of $25,000 for each violation of his rights; and to attorney's fees in an amount to be determined by the Court.

### FIFTH CAUSE OF ACTION

### *Monell* Claim – 42 U.S.C. §1983

35.     Plaintiff re-alleges and incorporates by reference each and every allegation contained paragraphs 1 - 34, above, as though fully set forth herein.

36. As set forth herein above, Defendants violated a number of Plaintiff's constitutional rights. These included violations of the First, Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff contends that the actions of these Defendants were part of a wider pattern and practice that was approved and encouraged by the SDPD, Chief LANDSDOWNE, CITY employees DOES 21-40.

92. Under the Supreme Court's decision in *Monell v. Department of Social Services of the City of New York (*1978) 436 U.S. 658, and its progeny, a municipal entity may be held liable for violations of Constitutional rights committed by its law enforcement officers if the violation was based on either (1) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (2) the decision of a personal with "final policymaking authority." Here both bases for liability are present.

93. First, the San Diego Police Department has had a departmental policy of harassing individuals who are perceived to be associated with the movement to protect the La Jolla seals and of tolerating (and even encouraging) violations of these individual's civil rights. The decision to illegally confiscate Dr. Rastegar's sign was part and parcel of the harassment encouraged by Defendants LANSDOWNE and other DOE supervisory Defendants of the CITY OF SAN DIEGO with final policymaking authority.

94. Additionally, when confronted with the illegal confiscation of Dr. Rastegar's sign, Defendants with final policymaking authority not only failed to take corrective action, but ratified the illegal conduct of the DOE Defendants. Overall, the pattern and practice of the police department and the City, and of the individuals with final policymaking authority within them, was such that there was a permanent and settled culture which encouraged both the

harassment of, and the use of excessive force against individuals like Plaintiff who were perceived as being a part of the movement to protect the La Jolla seals.

95. The acts and omissions of these Defendants constitute deliberate indifference to the constitutional rights of Plaintiff. Plaintiff asserts liability directly against the CITY OF SAN DIEGO, and Defendants LANSDOWNE and/or other DOE supervisory Defendants with final policymaking authority in their individual capacities for the violations set forth herein.

## SIXTH CAUSE OF ACTION

### Declaratory and Injunctive Relief

96. Plaintiff's incorporate paragraphs 1 - 95 through herein by reference as if set forth herein.

97. The illegal consfiscation of Dr. Rastegar's sign is not the first time Defendants have illegally confiscated signs from individuals who were advocating for the protection of the La Jolla seals and threatened them with arrest. Police have also illegally confiscated signs in the past from James H. N. Hudnall Jr., Dorota Valli, Dr. Jane Reldan, and others, based solely on the content of their message.

98. Unless restrained by an injunction, Defendants will continue to illegally confiscate signs from people holding them, and Plaintiff and individuals similarly situated have no adequate remedy at law for ongoing violations of their free speech rights.

99. Without a declaration from the Court regarding the rights and duties of Plaintiff and Defendants herein, Defendants will continue to believe they can illegally confiscate signs from Plaintiff and others similarly situated.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact.

(2) For punitive and exemplary damages against Defendants in amounts to be determined by the trier of fact.

(3) For return of the confiscated sign.

(4) For three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a) and (b).

(5) For reasonable attorney's fees and costs and expenses of litigation, pursuant to CCP §1021.5, Civil Code §52(b)(3), Civil Code §51-52, 42 United States Code §§1983-1988, and any other relevant statutory or case law.

(6) For any and all other relief, including interest, to which Plaintiff may be entitled under the law.

Dated:  April 8, 2013                        By:     */s/ Bryan Pease*_____
                                                     BRYAN PEASE
                                                     Attorney for Plaintiff
                                                     Dr. Farhoud Rastegar

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to each and every cause of action against each and every defendant.

Dated:  April 8, 2013                        By:     */s/ Bryan Pease*_____
                                                     BRYAN PEASE
                                                     Attorney for Plaintiff
                                                     Dr. Farhoud Rastegar